IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Civil Action No. 5:13CV153
                                        (STAMP)

$2,000 IN UNITED STATES CURRENCY,
in lieu of real property located in
the Meade District, Wick, Tyler County,
West Virginia, including (1) Parcel 2
and 2.001 recorded in Deed Book 317
at page 241,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**
**AND FORFEITURE JUDGMENT**

I.    Background

On November 4, 2013, the United States filed a complaint for forfeiture against the defendant property, $2,000 in United States currency, which is owned by Phillip James Hamilton ("Hamilton"). The complaint alleges that the defendant property is subject to forfeiture because it was used to commit, or to facilitate the commission of, a violation of the Controlled Substances Act punishable by more than one year of imprisonment, or constituted, or was derived from, proceeds obtained directly or indirectly as a result of such offense. The complaint also sets forth that the government will be able to meet its burden of proof at trial because on December 5, 2012, Hamilton entered a pre-complaint

settlement agreement[1] wherein he agreed to the filing of this civil action by the United States to settle the forfeiture of the defendant property in lieu of the real property located in the Meade District, Wick, Tyler County, West Virginia, including (1) Parcel 2 and 2.001 recorded in Deed Book 317 at page 241 because the real property was used or intended to be used to commit or to facilitate a Controlled Substances Act violation, or constituted, or was derived from, proceeds obtained directly or indirectly as a result of such offense. As such, the government contends in its complaint that Hamilton has agreed and stipulated to the forfeiture.

On January 14, 2014, the United States filed a declaration of publication, in which it states that notice of civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on November 7, 2013, as required by Rule G(4)(a)(iii) and (iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

On January 22, 2014, the United States filed a motion for summary judgment. In support of its motion for summary judgment, the government states that the deadline to file a verified claim by

---

[1]The pre-complaint settlement agreement was executed as a special condition of Hamilton's pre-trial diversion with the United States in the corresponding criminal case in which Hamilton was named as a defendant, Criminal Action No. 5:11CR60-03.

2

any person who was not directly notified of the filing of the forfeiture action was January 6, 2014, and no such claim was filed. See Rule G(5)(a)(ii)(B) of the Supplemental Admiralty and Maritime Claims and Asset Forfeiture Actions (stating that a person who was not sent direct notice of forfeiture must file a claim no later than sixty (60) days after the first day of publication on an official internet government forfeiture site). According to the government, the filing of new claims in this case is now time barred. The government avers that the failure of anyone to file a verified claim precludes statutory standing to object to the forfeiture of the defendant property and predicates the entry of a default judgment. Accordingly, the United States contends that it is entitled to a summary judgment ordering forfeiture of the defendant property. No response was filed to the government's motion for summary judgment.

## II. Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then

shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, Hamilton, who is represented by counsel, failed to respond to the government's motion for summary judgment. However, Hamilton's failure to file a response does not relieve the government from the burden imposed upon the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir.1993). The court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

4

This Court finds that there is no genuine dispute concerning the material facts alleged in the government's motion for summary judgment. See Celotex, 477 U.S. at 322-23. The government has shown that Hamilton has foregone his interest in the property by agreement. Further, the government has shown that it has complied with the requirements of forfeiture under federal law. As Hamilton was represented by counsel, and counsel was noticed as to the government's summary judgment, this Court finds that Hamilton had an opportunity to object to the government's motion and to the forfeiture. Thus, the uncontroverted facts entitle the government to a judgment as a matter of law. Accordingly, the government's motion for summary judgment is GRANTED.

### III. Conclusion

Based on the above, the government's motion for summary judgment is GRANTED. The defendant, $2,000.00 in United States Currency in lieu of real property located in the Meade District, Wick, Tyler County, West Virginia, including (1) Parcel 2 and 2.001 recorded in Deed Book 317 at page 241, is ORDERED forfeited to the United States. Further, the United States Marshals Service is DIRECTED to dispose of the defendant property in accordance with the law. In addition, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 21, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE